## Edwin Hays et al.

### v.

## The People of the State of Illinois, use, etc.

1.  Justice of the peace—Failure to deliver over papers—Liability of sureties.—The duty of delivering to the person entitled thereto, all papers in his hands as an officer, upon proper demand therefor, is expressly enjoined by the statute upon a justice of the peace, and for a failure to do so his sureties on his official bond are liable.

2.  Measure of damages.—For a failure to deliver up, when demanded, securities left with him for collection, a justice of the peace is liable, and the measure of damages would be the loss thereby sustained by the owner. So, where the evidence showed that at the time the justice received the note, and ever since, the makers were wholly insolvent, the plaintiff was entitled to recover nominal damages, and beyond that only the value of the note.

Appeal from the County Court of Champaign county; the Hon. J. W. Langley, Judge, presiding.

Messrs. Somers & Wright, for appellants; that the contract of a surety is to be construed strictly, cited The People v. Tompkins et al. 74 Ill. 482.

Mr. S. F. White, for appellee; that it is the duty of justices of the peace to receive money on notes placed in their hands for collection, cited Rev. Stat. 652, § 104.

Failing to pay over the same on demand, their sureties are liable : Rev. Stat. 652, § 104; Huckler v. Shulze et al. 27 Ill. 40.

Higbee, P. J. This suit was brought by appellee against George L. Pigg, and appellants as his securities on his official bond as justice of the peace.

The evidence shows that Mrs. Laybourn, for whose use this suit is brought, placed in the hands of Pigg, a justice of the peace, for collection, a note dated August 14, 1876, payable to her one year after date, for $108 and 10 per cent. interest, signed by S. W. Brown and G. R. Shauhan. The note was due when placed in the justice's hands, and instead of collecting it, he transferred it to one White, to whom he was indebted for rent, to be credited on his rent account when collected. After this, in April, 1878, Mrs. Laybourn gave the makers of the note notice not to pay it to White, and demanded the note of Pigg, who refused to surrender it, and thereupon this suit was brought on his official bond.

A judgment was rendered in the court below for $127.17, the amount of principal and interest then due on the note, from which judgment appellants, the securities on the bond, prosecute an appeal to this Court. The condition of the bond is as follows:

*Condition of bond:* "The condition of this obligation is such that whereas the said George L. Pigg has been duly elected a justice of the peace in and for the town of Sidney, in the county of Champaign aforesaid. Now, therefore, if the said George L. Pigg shall justly and fairly account for, and pay over all moneys that may come to his hands under any judgment or otherwise by virtue of his office, and shall well and truly perform every act and duty enjoined upon him by the laws of the State to the best of his skill and ability, then this obligation to be void, otherwise to remain in full force and virtue."

The statute provides, Sec. 110, p. 653: "Any justice of the peace failing or refusing to deliver any statute books, dockets or papers to his successor in office, or the person entitled to the same, for the space of ten days after the same are demanded by his qualified successor, or by the person entitled to the same, shall forfeit and pay, etc. * * * And he and his securities on his official bond shall be liable to all persons interested for all damages and losses which may be sustained by reason of such failure or refusal."

Hays et al. v. The People.

The condition of the bond requires the justice to perform every act and duty enjoined upon him by the laws of this State.

The duty of delivering to the person entitled thereto, all papers in his hands as an officer, upon proper demand therefor, is expressly enjoined by the statute, and his securities are made liable for a failure to perform his duty in this regard.

The only remaining question presented in this case is as to the measure of damages.

The evidence abundantly shows that at the time the justice received the note, and ever since, the makers of the same were wholly insolvent.

Sec. 10, Chap. 79, Rev. Stat. 1874, p. 655, makes the justice and his securities liable for all damages and losses sustained. What damages has the owner of the note sustained? Certainly not the face of the note and interest thereon, for the note had no such value. In cases of the wrongful conversion of the property of another, the true measure of damages is the value of the property at the time of conversion. Where the property sued for in trover is a chose in action, as a bill, note, bond or other security for the payment of money, it seems that the measure of damages is *prima facie* the amount due on the security, the defendant being at liberty to reduce that valuation by evidence showing payment, the insolvency of the maker, or any fact tending to invalidate the security. Sedgwick on the Measure of Damages, 609.

That plaintiff was entitled to recover nominal damages seems clear, but beyond that, the evidence in this case shows she was only entitled to recover the value of the note. This would cover her actual loss by the failure of the justice to perform his duty, and is the limit of her right of recovery against his securities, as fixed by the statute.

The damages found below, upon which judgment was rendered, were excessive, and for this reason the judgment is reversed and the cause remanded.

Reversed and remanded.